IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-30-BO

| | | |
|---|---|---|
| WOODY D. HESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on February 28, 2014, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively applied for DIB on February 27, 2009, alleging an onset date of October 7, 2008. Plaintiff's claims were denied initially and on reconsideration. An Administrative Law Judge (ALJ) then held a hearing and, after considering the claim de novo, issued a decision finding that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on December 10, 2012. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date at step one, the ALJ found plaintiff's lumbar degenerative disc disease/lumbago, cervalgia, and depression to be severe impairments at step two. The ALJ found that plaintiff's impairments or combination of impairments did not meet or equal a

2

listing at step three, and found that plaintiff had the residual functional capacity (RFC) to perform light work with exertional and non-exertional limitations. The ALJ then found that plaintiff could not return to his past relevant work at step four, but found at step five that, after considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ found that plaintiff was not disabled as of the date of her decision.

In her decision, the ALJ specifically considered whether plaintiff's back pain met the requirements of Listing 1.04 which addresses disorders of the spine resulting in compromise of a nerve root or the spinal cord. Listing 1.04A also requires:

> evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpt. P, Appendix I § 1.04.

In summarily finding that Listing 1.04 was not met, the ALJ found that no evidence in the record revealed any significant stenosis or nerve root impingement.[1] However, a lumbar MRI conducted on October 14, 2008, revealed severe degenerative disc disease at L5-S1, flattening of the ventral cord and flattening of the left hemicord, as well as impingement of the S1 nerve root. Tr. 325-26. Plaintiff complained of pain, was noted to have zero degrees of extension of the lumbosacral spine, and positive bilateral straight-leg raising tests. Tr. 322. Because the ALJ misstated the evidence thus failed to conduct a thorough discussion of whether plaintiff satisfies the Listing 1.04 criteria, review of the ALJ's decision is not meaningful and remand is appropriate.

---

[1] Insofar as the ALJ's decision can be read to require evidence of significant nerve root impingement, a plain reading of the Listing reveals no such requirement.

3

*Radford v. Colvin*, 734 F.3d 288, 295-296 (4th Cir. 2013).

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 24] is GRANTED, defendant's motion for judgment on the pleadings [DE 30] is DENIED, and this matter is REMANDED to the Commissioner for further consideration consistent with the foregoing.

SO ORDERED, this __11__ day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4